UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY VLADIMIR VENTURA TORNEZ,<br>Petitioner,<br>v.<br>WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07783-KES-FJS<br><br>ORDER APPOINTING COUNSEL |

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, through next friend Thalia Ventura.

The Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] In light of the complexity of the legal issues involved, the Court has determined that the interests of justice require the appointment of counsel for petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Counsel is appointed for petitioner.
2. The Clerk of the Court shall serve a copy of this order and the petition, via email, on the Federal Defender at cae_appointments_habeas@fd.org.
3. Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL identify counsel

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

and send counsel's contact information to undersigned's courtroom deputy Victoria Gonzales at vgonzales@caed.uscourts.gov, and counsel will be added as counsel for petitioner.

4. Such appointment, as necessary, will be *pro hac vice* to the CJA Panel and to this District in this matter only;
5. This appointment will be *nunc pro tunc* to the Federal Defender contacting counsel about this appointment on a date given to the courtroom deputy; and
6. Within fourteen (14) days of the date of service of this order, counsel for petitioner shall meet and confer with opposing counsel and the parties shall file a joint statement regarding case management and a proposed briefing schedule. Petitioner's appointed counsel may file an amended petition for writ of habeas corpus.
7. To ensure this Court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. *See* 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); *see also F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of petitioner outside of the district for urgent medical care, though petitioner shall be returned to the district upon the conclusion of such care. Respondents shall notify the court of any such transfer out of the district.

IT IS SO ORDERED.

Dated: October 30, 2026

UNITED STATES DISTRICT JUDGE